**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EDUARDO HERNANDEZ ROBOLLAR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE DIAMONDBACK CORRECTIONAL FACILITY,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2048-D |

**<u>ORDER</u>**

Before the Court is Petitioner Eduardo Hernandez Robollar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Respondents filed a response in opposition [Doc. No. 6], to which Petitioner filed a reply. [Doc. No. 7]. Accordingly, the matter is fully briefed.

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States in 1997. [Doc. No. 1, at p. 9]. On April 21, 2025, Petitioner was arrested for theft of property by the Lewisville Police Department in Lewisville, Texas. [Doc. No. 6, at p. 2]. On that same day, Petitioner was detained by the U.S. Immigration and Customs Enforcement ("ICE"), and his removal proceedings are ongoing. *Id.* He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. [Doc. No. 1, at p. 1].

Pursuant to 8 U.S.C. § 1226(c), Petitioner is detained under the mandatory detention provision. [Doc. No. 6]. Petitioner challenges his detention by ICE on various grounds. [Doc. Nos. 1, 7]. Specifically, he argues that he is entitled to a bond hearing because he is

detained pursuant to 8 U.S.C. § 1226(a). *Id.* He also argues that he is entitled to a bond hearing because his prolonged detention without a bond hearing violates his due process rights. *Id.*

In response, Respondents argue that Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226(a), because he is mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1)(E). [Doc. No. 6]. Respondents contend that Petitioner is detained under § 1226(c) because he is a noncitizen who is "inadmissible under 8 U.S.C. § 1182(a)(7)" and "is charged with or arrested for . . . theft." [Doc. No. 6, at p. 2] (citing 8 U.S.C. § 1226(c)(1)(E)). Additionally, Respondents argue that his continued detention without a bond hearing does not violate his due process rights. *Id.* at p. 4-7.

**ANALYSIS**

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**I. Petitioner is detained under 8 U.S.C. § 1226(c).**

This case involves the application of 8 U.S.C. § 1226. Section 1226(a) authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R.

§§ 236.1(d)(1), 1236.1(d)(1)). However, Section 1226(c) authorizes mandatory detention pending the entry of a final removal order for certain criminal noncitizens. Specifically, § 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is inadmissible under [§ 1182(a)(6)(A), (6)(C), or (7)]; and is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . theft." 8 U.S.C. § 1226(c)(1)(E). An individual detained under § 1226(c)(1)(E) may be released from custody if the Attorney General decides that the individual is a protected witness in a criminal investigation. *See* 8 U.S.C. § 1226(c)(4) (allowing for the release of certain protected witnesses who would otherwise be subject to mandatory detention under § 1226(c)).

Petitioner is properly detained under Section 1226(c)(1)(E). Indeed, Petitioner is inadmissible under § 1182(a)(6)(A). [Doc. No. 6-3, at p. 1]. Petitioner was arrested for theft, which is an enumerated offense under § 1226(c)(1)(E). [Doc. No. 6-1, at p. 3]. Furthermore, he does not claim he is a protected witness in a criminal investigation.

Accordingly, § 1226(c) governs and Petitioner is subject to mandatory detention. *See Jennings*, 583 U.S. at 305-06 (concluding "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes").

**II. Petitioner's continued detention without a bond hearing violates his substantive due process rights.**

Although the Supreme Court has rejected facial challenges to mandatory detention under § 1226(c), *see Demore v. Kim*, 538 U.S. 510 (2003), various courts have found that

the Supreme Court has left open the possibility for as-applied challenges to prolonged detention pursuant to § 1226(c). *Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024), *cert. granted*, 146 S.Ct. 2733 (2026) (concluding "that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208-10 (3d Cir. 2020) (holding that petitioner detained under § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) (quotation and alteration omitted) ("[W]e adhere to the notion that the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention … under Section 1226(c)."); *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *2 (W.D. Okla. June 5, 2026) (finding that "noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions."); *but see Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (stating *Demore*, 538 U.S. at 527 established a "bright-line rule []: the government can detain an alien for as long as deportation proceedings are still 'pending'.")

The Court is persuaded by the reasoning of the courts that found noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions without being provided a bond hearing.

Neither the United States Supreme Court nor the United States Court of Appeals for the Tenth Circuit have provided a test for determining when a due process challenge to an individual's prolonged detention under § 1226(c) warrants a bond hearing. However, other

courts in this Circuit have "analyze[d] whether [a non-citizen's] detention has become unconstitutionally prolonged under the six-factor balancing test set forth in *Singh v. Choate*, No. 19-cv-909-KLM, 2019 WL 3943960, at *5 (D. Colo. Aug. 21, 2019).[1]" *Juarez v. Choate*, No. 1:24-cv-419-CNS, 2024 WL 1012912, at *6 (D. Colo. Mar. 8, 2024); *see also Chiwocha v. Figueroa*, No. CIV-26-1189-R, 2026 WL 2790122 (W.D. Okla. Sept. 17, 2026); *Vital v. Baltasar*, No. 26-CV-1625-NWY, 2026 WL 1965075, at *3 (D. Colo. July 7, 2026); *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *6 (D. Colo. May 5, 2025), *appeal docketed*, No. 25-1263 (10th Cir. July 8, 2025).[2]

The six *Singh* factors are: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *1-2 (W.D. Okla. May 26, 2023).

[1] The Court recognizes that Respondents argued Petitioner is not entitled to a bond hearing under the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors. However, this Court agrees with the other courts in this Circuit that the *Singh* factors are the appropriate factors to apply. *See also Khasanova v. Rokosky*, No. CV-26-763-PHX-JCH (JFM), 2026 WL 1815723, at *5-6 (D. Ariz. June 24, 2026) (explaining that applying the same factors as *Singh* is more suitable than applying the *Mathews* test because the *Mathews* test "does not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided" when the issue pertains to the reasonableness of a prolonged mandatory detention.) (quotation and citation omitted).

[2] The Tenth Circuit abated the appeal pending the Supreme Court's decision in *Genalo v. Black*, No. 25-886. *Munoz Ramirez v. Blanche*, No. 25-1263, Doc. No. 56 (10th Cir. July 29, 2026).

**A. The total length of detention.**

Petitioner has been detained by ICE without a bond hearing for over eighteen months. Courts have found that the first *Singh* factor weighs in the petitioner's favor when the petitioner had been detained for similar periods of time. *Jalloh*, 2023 WL 3690252, at *2 (finding a 19-month detention weighs in favor of the petitioner); *Vital*, 2026 WL 1965075, at *4 (finding 18-month detention weighs in the petitioner's favor); *Ramirez*, 2025 WL 1294919, at *6 (finding 16-month detention weighs in the petitioner's favor); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026) (explaining § 1226(c) detention "becomes more and more suspect after five months" and, in most cases, will become "unreasonable sometime between six months and one year after it began" (citation modified)).

Accordingly, the first factor weighs in Petitioner's favor.

**B. The likely duration of future detention.**

Next, the Court "considers how long the detention will likely continue in the absence of judicial relief." *Singh v. Garland*, No. 21-cv-715-CMA, 2021 WL 2290712, at *4 (D. Colo. June 4, 2021) (quotation and citation omitted). "Courts examine the anticipated duration of all removal proceedings—including administrative and judicial appeals—when estimating how long detention will last." *Vital*, 2026 WL 1965075, at *4 (quotation and citation omitted).

It is unclear how long Petitioner's detention without a bond hearing will continue during the pendency of his appeal with the BIA, and then potentially longer following any subsequent appeal. However, courts have recognized that a "[p]etitioner's appeal to the

BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." *Mardanpour v. Warden*, No. 2:26-cv-550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026); *see also Ali v. Bondi*, No. 26-cv-1367-STV, 2026 WL 1857825, at *5 (D. Colo. June 29, 2026) ("Although DHS's appeal remains pending before the Board of Immigration Appeals, no decision has yet been issued. Thus, Petitioner's detention may continue for a substantial and presently indeterminate period.").

The substantial likelihood that Petitioner will be detained at least several more months, after already being detained over eighteen months without a bond hearing, is a significant burden on Petitioner. Accordingly, this factor weighs in Petitioner's favor.

**C. The conditions of detention.**

Courts next "consider whether the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention." *Villaescusa-Rios v. Choate*, No. 20-cv-3187-CMA, 2021 WL 269766, at *4 (D. Colo. Jan. 27, 2021) (quotation and citation omitted). "The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (citation omitted).

There is no indication that the conditions of confinement at the Diamondback Correctional Facility differ from a penal institution. The facility was previously operated as a prison. Moreover, ICE describes the facility as a "jail." *Diamondback Correctional Facility: Sending Items to Detainees*, U.S. Immigration & Customs Enforcement, https://www.ice.gov/detain/detention-facilities/diamondback-correctional-facility. Thus, this factor also weighs in Petitioner's favor.

**D. Delays in the removal proceedings caused by Petitioner.**

The fourth factor considers the delays caused by Petitioner. "[I]n considering delays in the removal proceedings caused by the detainee, courts should be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of his incarceration." *Villaescusa-Rios*, 2021 WL 269766, at *4. However, a noncitizen's exercise of his right to appeal should not weigh against him, rather, courts look for evidence of "bad faith or obstructive conduct." *Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 851 (E.D. Va. Aug. 11, 2020); *see also Ali X*, 2026 WL 1857825, at *5 ("Petitioner's pursuit of asylum and defense against removal do not constitute unreasonable delay and were exercised as rights afforded to him under the immigration laws.").

Although Petitioner's appeal of his immigration case has caused delay, he should not be penalized for exercising his rights. Moreover, there is no evidence or indication in the record that Petitioner has acted in bad faith or been obstructive. Thus, this factor is neutral.

**E. Delays in the removal proceedings caused by the government.**

There is nothing in the record indicating that Respondents have caused any delay in Petitioner's removal proceedings. Thus, this factor weighs in favor of Respondents.

**F. The likelihood of removal.**

Finally, "the more likely that the alien will be removed, the longer the detention that will be deemed reasonable." *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-881-NYW, 2025 WL 3653158, at *12 (D. Colo. Dec. 17, 2025) (quotation and citation omitted). Although

Petitioner has been ordered removed by an immigration judge, he does not have a final order of removal because of his pending appeal. Therefore, Petitioner's likelihood of removal depends on the success of his appeal to the BIA and any subsequent appeals.

The parties have not provided any arguments or evidence concerning the likelihood of the appeal's success. Accordingly, the Court finds this factor does not weigh in favor of either Petitioner or Respondents. *See Kasalica v. Choate*, No. 24-cv-2664-NYW, 2024 WL 6992210, at *6 (D. Colo. Nov. 14, 2024) (finding the sixth *Singh* factor neutral when the parties did not show the likely result of petitioner's asylum claim.).

**G. The weighing of the factors**.

As stated, the Court finds that the first, second, and third factors favor Petitioner, the fifth factor favors Respondents, and the fourth and sixth factors are neutral. In weighing these factors, the Court finds that Petitioner's continued detention requires an individualized bond hearing before an immigration judge to comport with due process.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** in part as set forth herein. Respondents shall provide Petitioner with a bond hearing, within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 3rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE